UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Wendy Gleich,

    Plaintiff,

-v-                                   Case No. 2:10–cv–894

St. Andrew School et al.,            Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

Plaintiff Wendy Gleich brings federal and state law claims against St. Andrew School ("School"), part of the Diocese of Columbus ("Diocese") (collectively "Defendants") arising from her termination as an assistant in computer technology. This matter is before the Court on Defendants' motion to dismiss. Defs.' Mot. Dismiss, ECF No. 2. For the reasons that follow, the Court **GRANTS** Defendants' motion to dismiss.

### I. FACTS

At the outset, the Court notes that, under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b), (e), or (f). Here, Defendants filed their motion to dismiss pursuant to Rule 12(b)(6) on November 22, 2010. Ms. Gleich filed both an amended complaint and a response to the motion to dismiss on December 14, 2010, one day outside the twenty-one day period set forth in Rule 15(a). The

amended complaint, in an attempt to rectify the issue raised in Defendants' motion to dismiss, adds a count for declaratory judgment declaring that "tender back of amount paid under the release should not be required." As such, the parties still dispute the issue raised in the motion to dismiss: whether Plaintiff's failure to tender back the consideration she received for the release bars this suit. Accordingly, the Court will proceed to analyze that issue.

In addition, Plaintiff moves to strike the attachment of the release to Defendants' brief. Mot. Strike, ECF No. 8. Gleich's complaint and amended complaint refers throughout to the release that she signed terminating her employment with Defendants. Because she explicitly refers to the release in her complaint and amended complaint, the Court may consider and examine the release without converting the motion to dismiss into one for summary judgment. *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Accordingly, Plaintiff's motion to strike is **DENIED**.

The following facts are derived from the amended complaint and the release. Am. Compl., ECF No. 894; Release, ECF No. 5-1. Wendy Gleich, a resident of Franklin County, Ohio, worked for Defendants from December 2003 until her discharge on or about March 31, 2009. She was hired to assist in instructing students in the use of computers and computer technology. Initially, she was hired on a part-time basis, but on April 30, 2007, was granted full-time status.

Plaintiff suffers from progressive severe arthritis which has attacked her knee joints over time. During the 2008–09 school year, she took partial and full days off for her knee problems. On March 16, 2009, Plaintiff informed Defendants she was unable to continue to work due to her deteriorating knees. She then scheduled dual knee

replacement surgery for April 2, 2009, with an expected return to work date of May 5, 2009.

On March 31, 2009, the School's parish priest and the Diocese's Superintendent called Plaintiff to a meeting. Plaintiff was told that she was not qualified for her current position and would be discharged immediately. She was offered a severance agreement that, *inter alia*, included a release stating:

> Some of the types of claims that [Gleich is] releasing, although there may be others not listed here, are all claims existing (or which may exist) before the date of this Agreement and which are related to . . . (8) any alleged wrongful or retaliatory discharge, . . . (13) any alleged violation of . . . (e) ERISA . . .; (h) the Family and Medical Leave Act; . . . (j) The Americans with Disabilities Act . . .; (n) retaliation under any federal, state, or local law; . . . (p) the Ohio laws against discrimination, and any other provision of the Ohio statutes (including, but no limited to wage payment, employment discrimination, and workers' compensation), and (q) any other Federal, State, City, County or other local law, ordinance, regulation, or common law.

Release §4(b) PAGEID # 52, ECF No. 5-1. In consideration, Plaintiff received severance pay of $11,158.38, plus she successfully negotiated with Defendants to retain a laptop and a video camera. *Id.* §5 PAGEID # 47.

Plaintiff claims she signed the severance agreement because she feared both that if she did not survive her surgery her husband would have no money to bury her, and that her husband who was also employed by Defendants might lose his job if she did not sign it. *Id.* ¶ 15.

After being discharged, Plaintiff claims she received a notice in the mail that, effective March 31, 2009, her health insurance benefits had been terminated. Plaintiff notes, however, that her health care benefits through Defendants were carried under her husband's plan.

Around April 26, 2009, Plaintiff was released to return to work with restrictions that she claims could have been met easily by Defendants. Defendants refused to allow Plaintiff to return to work.

Plaintiff at no time has returned the consideration she received for signing the release.

Plaintiff filed suit on October 5, 2010. In the Amended Complaint she puts forth four claims: Count I, Declaratory Judgment that the release was signed under duress and that tender back of the amount paid under the release should not be required to pursue claims due to her economic duress; Count II, violation of the Family Medical Leave Act ("FMLA"); Count III, Disability Discrimination pursuant to Ohio Revised Code § 4112.01, and; Count IV, Wrongful Discharge in violation of ERISA.

## II. STANDARD OF REVIEW

Defendants moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 546 (2007).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

### III. ANALYSIS

#### A. Tender back of consideration

Defendants argue that Plaintiff fails to allege a necessary element of her claim in order to avoid the preclusive effect of the executed release: that she tendered back to Defendants the consideration that she received for executing the release. Defendants state that under both federal and state law, Plaintiff was required to tender back the consideration received for a release prior to maintaining an action on the underlying claims.

Plaintiff's response concedes that both the complaint and the amended complaint do "not state that Gleich has tendered back the release monies, nor that she has any intention of doing so." Pl.'s Resp. 1–2, ECF No. 4. She argues that she is not required to tender back, citing the Supreme Court of the United States' decision in *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998).

In *Oubre*, the Supreme Court held that a signed release, which did not comply with requirements of the Older Workers Benefit Protection Act ("OWBPA"), executed by

an employee as part of a termination agreement did not bar the employee's Age Discrimination in Employment Act ("ADEA") claims, even though employee had not returned or offered to return the monies she received for signing the release. 522 U.S. 422. However, in cases post-*Oubre*, courts within the Sixth Circuit have not extended *Oubre's* holding beyond ADEA claims. *See, e.g., Halvorson v. Boy Scouts of Am.*, Case No. 99-5021, 2000 WL 571933, at *3 (6th Cir. 2000) (by retaining the consideration he received in returning for signing the agreement, the plaintiff ratified the agreement notwithstanding any duress, and therefore foreclosed his ADA, FMLA, and ERISA claims; however that waiver was invalid as to his ADEA claim); *Bittinger v. Tecumseh Prods. Co.*, 83 F. Supp. 2d 851, 872 (E.D. Mich. 1998) (declining to extend *Oubre* to non-ADEA cases).

Instead, courts have continued to follow the rule that "[t]he tender back of consideration received for signing a release is an absolute prerequisite to avoidance of the release under [state] and federal law . . . ." *Samms v. Quanex Corp.*, Case No. 95-2173, 1996 WL 599821, at *3 (6th Cir. 1996). *Accord Halvorson*, 2000 WL 571933, at *3; *Bittinger*, 83 F. Supp. 2d at 871–72 (following *Samms* and applying the "tender back" doctrine to ERISA to find that because the plaintiffs failed to tender back the consideration they were barred from challenging the validity of the release); *Wright v. Apple Creek Dev. Ctr.*, 2008 WL 818790 (N.D. Ohio Mar. 24, 2008) (applying the "tender back" doctrine to Title VII and barring the plaintiff's claims for failure to tender back the consideration paid as part of the grievance settlement agreement). *See also Fleming v. U.S. Postal Service AMF O'Hare*, 27 F. 3d 259 (7th Cir. 1994) (employee could not obtain relief from waiver where there was no tender back of consideration).

Ohio law requires the same result. See *Haller v. Borror Corp.*, 50 Ohio St. 3d 10, 15 (1990); *Weisman v. Blaushild*, 2010 WL 2690583, at *2 (Ohio App. 8 Dist. July 8, 2010) (the plaintiffs were not absolutely barred from bringing suit; rather, in order to bring a suit against the employment settlement agreement, they were required to rescind the settlement agreement and tender back the consideration). See also *Jacobs, By and Through Carroll v. Invisible Fence Co.*, 1999 WL 1204876, at *3 (6th Cir. Dec. 3, 1999) (in order to pursue claims pursuant to a release, tendering back of consideration is required under Ohio law).

Accordingly, as Ms. Gleich states she has not and will not be tendering back the consideration, she is precluded from challenging the release under both federal and state law. She is therefore barred from seeking relief.

## B. Duress

Ms. Gleich also opposes dismissal based on her failure to tender back by asserting the release is unenforceable because it was signed under duress. Plaintiff claimed she signed the severance agreement in duress because she feared both that if she did not survive her surgery her husband would have no money to bury her, and that her husband who was also employed by Defendants might lose his job if she did not sign it. *Id.* ¶ 15.

The Supreme Court of Ohio has established the essential elements of duress as follows:

> ["]An examination of the cases * * * makes it clear that three elements are common to all situations where duress has been found to exist. These are: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. * * * The assertion of

> duress must be proven to have been the result of the defendant's conduct and not the plaintiff's necessities." *Urban Plumbing & Heating Co. v. United States* (U.S. Ct. of Claims 1969), 408 F.2d 382, 389–90, 187 Ct.Cl. 15, quoting *Fruhauf Southwest Garment Co. v. United States* (U.S. Ct. of Claims 1953), 111 F. Supp. 945, 951, 126 Ct.Cl. 51.

*Blodgett v. Blodgett*, 49 Ohio St. 3d 243, 246 (1990). "To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party." *Id.*

In this case, even taking the facts in the light most favorable to Plaintiff, she fails to state claim for duress. Ms. Gleich's amended complaint alleges that she was under "duress" as a result of her upcoming surgery and her husband's employment with Defendants. Plaintiff, however, must provide more than legal labels: she makes no allegations and does not allege any facts that the "duress" she experienced was the result of coercion or fault or threats on the part of Defendants.

In addition, even if the release was void because of duress, her failure to tender back the consideration also precludes her relief as a matter of law. An agreement that is invalid due to duress or coercion can be ratified by retention of the consideration paid. *See Howlett v. Holiday Inns, Inc.*, 120 F.3d 598 (6th Cir. 1997); *see also Am. Airlines, Inc. v. Cardoza–Rodriguez*, 133 F.3d 111, 119 (1st Cir. 1998) (a party seeking to avoid a contract based on duress must tender-back any consideration received in exchange); *Halvorson*, 2000 WL 571933, at *3. Therefore, Ms. Gleich does not state a plausible claim that she can avoid the release on the grounds of duress.

### C. Prospective FMLA claim

Lastly, Ms. Gleich attempts to avoid dismissal by arguing that the release is

unenforceable because it sought to release prospective violations of the FMLA through its bar on claims for "future employment." She asserts that a "right to job restoration" occurred on April 26, 2009 when Defendants did not allow her to be restored to her job after her surgeries, and thus that is a prospective claim that cannot be waived by a release.

No plausible reading of the language of the release is consistent with Ms. Gleich's argument. While she was employed by Defendant and took FMLA leave, any claim to reinstatement to her job would have accrued at such point when Defendants interfered with her right to job restoration after taking leave. Upon her termination in March, any claim to retaliatory discharge for invoking FMLA accrued upon termination of her job. However, she forfeited such a claim for retaliatory discharge, and any remedy of reinstatement, when she waived those claims by executing the release and receiving compensation. She also released any claim to "future employment." Release §4(a) PAGEID # 45. Moreover, any allegation that upon her recovery from her surgery in April she somehow "accrued" a right to reinstatement is illogical; she was not on FMLA leave during her surgery—she was unemployed. Couching such as a "prospective right" to reinstatement is mere conclusory labels. The Court therefore rejects Plaintiff's "prospective violation" theory.

## IV. DISPOSITION

Based on the above, the Court **GRANTS** Defendants' motion to dismiss, ECF No. 2, **DENIES** Plaintiff's motion to strike, ECF No. 8, and **DENIES AS MOOT** Defendants' two motions for leave to file supplemental authority, ECF Nos. 12 & 15.

The Clerk shall enter final judgment in favor of Defendants, and against Ms.

Gleich, dismissing this action with prejudice.

The Clerk shall remove ECF Nos. 2, 8, 12, and 15 from the Court's Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT